Mr. Justice Hodges
delivered the opinion of the Court.
Plaintiff Nu-Tone’s complaint in the trial court alleged that it hired defendant Markham as a commission *560 salesman pursuant to a written “Salesman’s Agreement” executed by both parties. During the period of the defendant’s employment, advancements in the sum of $1,703 in excess of commissions earned were made to him. In asking for judgment in this amount against the defendant, the complaint also alleged that in accordance with the provisions of the “Salesman’s Agreement,” the excess of advancements over commissions earned “shall remain a debt of second party [defendant] until paid in full,” and “If collection is required at any time, second party [defendant) shall pay the reasonable cost thereof including attorney’s fees.”
Trial was to the court. Plaintiff Nu-Tone’s evidence supported the allegations of its complaint. At the conclusion of the plaintiff’s evidence, which included exhibit A, the “Salesman’s Agreement,” the defendant moved to dismiss. The trial court granted this motion on the ground that the “Salesman’s Agreement” did not include any express agreement on the part of the defendant to repay any excess of advances over commissions earned. Upon ordering the dismissal of the plaintiff’s complaint, the trial court entered its judgment for the defendant.
On this writ of error, we sustain the plaintiff’s contention that the trial court erred in dismissing the complaint and in entering judgment for the defendant. Accordingly, we reverse the judgment of the trial court and remand this cause for a new trial.
In its disposition of this case, the trial court relied upon Badger v. Nu-Tone, 162 Colo. 216, 425 P.2d 698, as its sole authority. On the subject of employment contracts, Badger correctly enunciates the majority rule to the effect that an express or implied agreement is required to impose a personal obligation on a commission salesman to repay advances in excess of earned commissions to an employer. If there is no such express or implied agreement between the employee and the employer, the excess of advances over commissions earned cannot be recovered from the employee and is *561 treated as compensation to the employee. See Argonaut Builders v. Dare, 145 Colo. 424, 359 P.2d 366. However, in applying this rule to the contract of employment in Badger, this court found as a matter of law that the contract did not contain any wording which constituted an express agreement to repay the excess, that the contract between the parties in this regard was ambiguous, and that extraneous circumstances as shown from the evidence was not indicative of any intention to impose such a personal liability on the employee. Accordingly, the trial court’s judgment in favor of the employer in Badger was reversed.
Unlike the contract of employment in Badger, the “Salesman’s Agreement” here contains clear and unambiguous contractual language to the effect that the excess of advances over commissions earned shall be a debt of the defendant until paid in full. It additionally provides that if collection is required, the defendant agrees to pay the reasonable costs thereof including attorney’s fees. These provisions of this “Salesman’s Agreement” set forth an express agreement of the parties that this defendant shall be personally indebted and shall repay any excess of advances over commissions earned to the employer.
The trial court erroneously interpreted the contract of employment in this case as being comparable to the contract of employment in Badger when, in fact, the contracts are clearly distinguishable as demonstrated herein.
Judgment reversed and cause remanded for a new trial.
Mr. Justice Kelley dissenting.
Mr. Chief Justice Pringle and Mr. Justice Erickson not participating.